[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10063

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00406-TJC-MCR

CHARLTON E. BELL,

     Plaintiff - Appellee,

versus

ATLANTIC TRUCKING COMPANY, INC.,
TED SPARKS,

     Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 13, 2010)

Before BARKETT and MARTIN, Circuit Judges, and HUNT,[*] District Judge.

PER CURIAM:

---

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

Atlantic Trucking Company, Inc. and Ted Sparks, the manager of their terminal in Jacksonville, Florida appeal from the denial of their Motion to Dismiss or, in the alternative, Compel Arbitration of Charlton Bell's employment discrimination claim. Appellants contend that Bell's employment agreement mandates arbitration pursuant to the Federal Arbitration Act ("FAA"). However, 9 U.S.C. § 1 provides that the mandatory arbitration provisions of the FAA do not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." The district court found that Bell was an employee as contemplated by section 1 of the FAA, and thus the arbitration agreement in his contract was not enforceable. Based on the facts in this record, we cannot say the district court erred in concluding that Bell was an employee of Atlantic Trucking and thus not subject to compulsory arbitration under the FAA.

**AFFIRMED**